Manly, J.
 

 Ve are not sure we understand the purport of the instruction first requested of his Honor below, but if, as we suppose, it means that two small drains a running so as to cross them with the first line of the land conveyed to Aaron Patton, would be,
 
 prima
 
 facie, the true location of the land, and as a
 
 prima facie
 
 case must be rebutted. ¥e think the giving of it was properly declined.
 

 Supposing a drain to be a natural object, (which by the bye we do not concede,) i't is no more certain than other natural and permanent objects, and is not entitled toa weight and influence primary in order, or superior in effect. It should stand upon the same footing with other natural objects called for, and should be considered in connection with them in deciding upon the true
 
 termi/ni
 
 of the land in question.
 

 It will be seen, by reference to the statement of the case, that the conveyance to Aaron Patton, under which the defendant claims calls for a beginning at the south east corner of a grant for fifty acres, to Bobert Patton, and the second instruction asked for below was, in substance, no matter where the south east corner of the fifty acre grant in truth is, if at the time Bobert Patton made his conveyance to Aaron, he supposed it to be at the letter I, (see diagram) that should be regarded as the beginning, and the land laid down accordingly.
 

 Such instruction would imply that the termini of the land, as indicated by the words of the conveyance, might be com-trolled or varied by the intentions of the bargainor, and as such intentions, must, of course, be derived from evidence
 
 dehors
 
 the deed, the implication is, that a deed may be varied by parol, and the tenure of land depend upon unassisted memory.
 

 The case seems to be a plain one, the beginning and second corner of the fifty acre grant to Bobert Patton, under which plaintiff’s claims are established, and its entire location is mathematically certain. The deed from Bobert to Aaron
 
 *606
 
 Patton, under whom the defendant claims, being at the south east corner of the fifty acre patent,
 
 according to
 
 the calls of the deed, and in the absence of any proof that it was actually located otherwise,
 
 there
 
 it must begin in fact, and be run according to its calls.
 

 The statement of the case concedes that a beginning at the south east corner of the fifty acre patent, according to any running, would not enable the defendant to cover the
 
 locus in quo
 
 with his deed, and he would, therefore, be a trespasser.
 

 The Judge’s charge is in conformity with these general principles, and the judgment is therefore affirmed.
 

 Per Curiam,
 

 Judgment affirmed.